UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ISAIAS ZACARIAS-BARAJAS,

Petitioners,

v.

JULIO HERNANDEZ, et al.,

Respondents.

Case No. 2:26-cv-2150-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.   INTRODUCTION AND BACKGROUND

Petitioners are citizens of Mexico, Honduras, El Salvador, and Guatemala, ranging in age from 32 to 47 years old, who entered the United States without inspection years ago, were apprehended by Department of Homeland Security officials in late May or early June 2026, and are detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 4–19; Dkts. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9. Petitioners have not received a bond hearing to determine if they can be released pending removal proceedings. *See* Dkt. 1 ¶¶ 34–38; Dkt. 8 at 4.

On June 19, 2026, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention violates the Immigration and Nationality Act ("INA") because they are entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 34–38. On June

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

25, Federal Respondents filed a return to the habeas petition. Dkt. 8. On June 26, Petitioners filed a traverse. Dkt. 11. The habeas petition is now ready for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.     LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.     DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶ 35. While Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

Petitioners, with the exception of Guadalupe Cabrera Mejia, are members of the Bond Denial Class for purposes of this matter. Dkt. 8 at 3. Respondents argue that Cabrera Mejia is not eligible for bond because she was convicted in federal court of "False Representation of a Social Security Number" in violation of 42 U.S.C. § 408(a)(7)(B). *See* Dkt. 10-1 at 3. Respondents contend this is a crime of moral turpitude, rendering her detention mandatory under 8 U.S.C. § 1226(c). Dkt. 8 at 3. Petitioners respond in their traverse (Dkt. 11) that Cabrera Mejia remains a member of the Bond Denial Class despite her conviction because the Ninth Circuit has held that a conviction under 42 U.S.C. § 408(a)(7)(B) does not constitute a crime of moral turpitude. *See Beltran-Tirado v. INS*, 213 F.3d 1179, 1183–84 (9th Cir. 2000).

First, the Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioners are subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Second, the Court concludes that Petitioner Cabrera Mejia's conviction under 42 U.S.C. § 408(a)(7)(B) does not constitute a crime involving moral turpitude. While the application of *Beltran-Tirado* has been limited, it remains controlling precedent for the statute under which Cabrera Mejia was convicted. *See Espino-Castillo v. Holder*, 770 F.3d 861, 864 (9th Cir. 2014) ("*Beltran–Tirado* is grounded in the history and purpose of § 408, the specific federal social security statute under which [petitioner] had been convicted."). Accordingly, Cabrera Mejia is not subject to mandatory detention under § 1226(c). Petitioners have shown that their mandatory detention under § 1225(b) violates the INA, entitling them to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

2.    Within fourteen days of receiving Petitioner Isaias Zacarias-Barajas's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3.    Within fourteen days of receiving Petitioner Rodrigo Vasquez Martinez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

4.    Within fourteen days of receiving Petitioner Helson Munguia-Figueroa's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

5.    Within fourteen days of receiving Petitioner Marco Hernandez-Hernandez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

6.    Within fourteen days of receiving Petitioner Danny Guevara-Deras's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

7.    Within fourteen days of receiving Petitioner Johnatan Grijalva Osorio's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

8.    Within fourteen days of receiving Petitioner Guadalupe Cabrera Mejia's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

9.    Within fourteen days of receiving Petitioner Juan Arevalo's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

10.    Upon the release of any Petitioner, Respondents must return to the Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

11.    Nothing in this order prevents an Immigration Judge from granting an individual Petitioner's request for a continuance in his bond proceedings.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to meet and confer on any fee request before filing a petition.

Dated this 29th day of June, 2026.

Tiffany M. Cartwright
United States District Judge